IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| APPLIED UNDERWRITERS, INC., A Nebraska Corporation, and APPLIED RISK SERVICES, INC., | ) ) ) ) | CASE NO. _____ |
| Plaintiffs, | ) ) | NOTICE OF REMOVAL |
| vs. | ) ) ) | |
| MADRON SERVICES, INC., A New Mexico Corporation; GOLIATH EXCAVATION SERVICES, LLC, A New Mexico Limited Liability Company; MADRON ENTERPRISES, LLC, A New Mexico Limited Liability Company; MADRON MINING, INC., A New Mexico Corporation; and MADRON SURVEYING, INC., A New Mexico Corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants Madron Services, Inc.; Goliath Excavation Services, LLC; Madron Enterprises, LLC; Madron Mining, Inc. and Madron Surveying, Inc., by and through their counsel, hereby give notice of the removal of this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. As grounds for this removal, defendants show to the Court as follows:

**GROUNDS FOR REMOVAL**

I.  On April 30, 2015, the plaintiffs filed an action against the defendants in the District Court of Douglas County, Nebraska, at Case No. CI 15-3935. As required by 28 U.S.C. § 1446(b), attached as **Exhibit "A"** is a copy of plaintiffs' complaint. The defendants have not filed an answer in this case.

II. This notice of removal is filed within 30 days of service of summons, and is therefore timely pursuant to 28 U.S.C. § 1446(b). Plaintiffs' complaint was the first paper from which the defendants could ascertain that plaintiffs' case was removable.

III. The United States District Court for the District of Nebraska is the federal judicial district encompassing the District Court of Douglas County, Nebraska, where this suit was originally filed.

IV. This is a civil action that comes within this Court's jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) because the complaint shows on its face that there is diversity of citizenship between the plaintiffs and defendants, and that the amount in controversy is in excess of $75,000.

V. By filing this notice of removal, defendants do not waive any of their denials, objections, affirmative defenses or any other defenses.

## FILING OF REMOVAL PAPERS

VI. Pursuant to 28 U.S.C. § 1446(d), a copy of defendants' notice to parties of removal is being filed contemporaneously with the Clerk of the District Court of Douglas County, Nebraska, a copy of which is attached hereto as **Exhibit "B."**

VII. Upon information and belief, Exhibits "A" and "B" represent the only documents that have been filed and served in this action in the District Court of Douglas County, Nebraska.

VIII. This notice of removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendants hereby remove this action to this Court.

## DEMAND FOR TRIAL

The defendants hereby demand that trial in the above-captioned action be held in Omaha, Nebraska, and further demand that trial be had to a jury.

Dated this 16th day of June, 2015.

|     |     |
| --- | --- |
|     | MADRON SERVICES, INC.; GOLIATH EXCAVATION SERVICES, LLC; MADRON ENTERPRISES, LLC; MADRON MINING, INC.; and MADRON SURVEYING, INC., Defendants |
| By: | Baylor, Evnen, Curtiss, Grimit & Witt, LLP<br>Wells Fargo Center<br>1248 "O" Street, Suite 600<br>Lincoln, NE 68508<br>402/475-1075<br>rgoyette@baylorevnen.com |
| By: | /s/ Randall L. Goyette<br>Randall L. Goyette, # 16251 |

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the within and foregoing **Notice of Removal** using the Court's ECF system which served a copy electronically on:

Jeffrey A. Silver
10805 Old Mill Road
Omaha, NE  68154

|     |     |
| --- | --- |
| By: | /s/ Randall L. Goyette<br>Randall L. Goyette, # 16251 |

1168104

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., A Nebraska Corporation, and APPLIED RISK SERVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MADRON SERVICES, INC., A New Mexico Corporation, GOLIATH EXCAVATION SERVICES, LLC, A New Mexico Limited Liability Company, MADRON ENTERPRISES, LLC, A New Mexico Limited Liability Company, MADRON MINING, INC., A Mew Mexico Corporation, and MADRON SURVEYING, INC., A Mew Mexico Corporation, <br><br> Defendants. | CASE NO. _____ <br><br><br> **COMPLAINT** |

COME NOW Applied Underwriters, Inc. and Applied Risk Services, Inc. and for their Complaint against Madron Services, Inc., Goliath Excavation Services, LLC, Madron Enterprises, LLC, Madron Mining, Inc., and Madron Surveying, Inc. state and allege as follows:

1.  Plaintiff Applied Underwriters, Inc. ("Applied") is a Nebraska Corporation with its principal place of business in Omaha, Douglas County, Nebraska.

2.  Plaintiff Applied Risk Services, Inc. ("ARS") is a Nebraska Corporation with its principal place of business in Omaha, Douglas County, Nebraska and serves as the billing agent for various insurance affiliates.

3.  Defendant Madron Services, Inc. ("Madron") is a New Mexico Corporation

1


Ex. A

with its principal place of business in Carlsbad, New Mexico.

4. Defendant Goliath Excavation Services, LLC ("Goliath") is a New Mexico limited liability company with its principal place of business in Carlsbad, New Mexico.

5. Defendant Madron Enterprises, LLC ("Madron Enterprises") is a New Mexico limited liability company with its principal place of business in Carlsbad, New Mexico.

6. Defendant Madron Mining, Inc. ("Madron Mining") is a New Mexico Corporation with its principal place of business in Carlsbad, New Mexico.

7. Defendant Madron Surveying, Inc. ("Madron Surveying") is a New Mexico Corporation with its principal place of business in Carlsbad, New Mexico. Madron, Goliath, Madron Enterprises, Madron Mining and Madron Surveying are sometimes collectively referred to as "Madron".

## COUNT I

8. On or about February 17, 2015, Madron for good and valuable consideration executed a Promissory Note (the "Note") in favor of Applied in the principal amount of $418,076.00 with interest thereon, a true and accurate copy of which is attached as Exhibit 1.

9. Jurisdiction and venue are proper in this Court pursuant to Paragraph 18 of the Note.

10. Madron has failed to make the required payments under the Note and Applied has made written demand on Madron for payment of the outstanding principal and interest due.

11. Madron has failed, refused, and neglected to pay the Note, and there is currently due after all credits $282,457.07 plus accruing per diem interest.

2

WHEREFORE, Applied prays for judgment against Madron, and each defendant jointly and severally under Count I in the amount of $282,457.07 plus accruing per diem interest and the costs of this action.

## COUNT II

12. Plaintiff incorporates herein Paragraphs 1 through 11 of Count I as if fully set forth herein.

13. Applied through its affiliates and subsidiaries provided workers' compensation insurance to Madron.

14. On or about August 2, 2014, Madron entered into a Reinsurance Participation Agreement (the "RPA") with Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRA"), a copy of which is attached as Exhibit 2. Pursuant to Paragraph 8 of the RPA, AUCRA and Madron appointed ARS as the billing agent to collect any amounts due under the RPA.

15. Madron owes ARS $1,167,224.00 as set forth in Exhibit 3 attached hereto and incorporated by this reference.

WHEREFORE, ARS prays for judgment against Madron, and each defendant jointly and severally under Count II in the amount of $1,167,224.00 plus prejudgment and post judgment interest and the costs of this action.

APPLIED UNDERWRITERS, INC. and APPLIED RISK SERVICES, INC., Plaintiffs

BY  /s/Jeffrey A. Silver
JEFFREY A. SILVER   #13839
10805 Old Mill Road
Omaha, Nebraska 68154
(402) 393-1984
ATTORNEY FOR PLAINTIFFS

3

# PROMISSORY NOTE

$418,076.00



Carlsbad, NM
February 17, 2015

FOR VALUE RECEIVED, the undersigned on behalf of the following entities Goliath Excavation Services, LLC; Madron Enterprises, LLC; Madron Mining, Inc.; Madron Services, Inc.; Madron Surveying, Inc., (collectively the "Maker") with its address at 301 Canal, Carlsbad, NM 88220, acknowledging its indebtedness (including workers' compensation premiums) to Applied Underwriters, Inc. and its affiliates and subsidiaries (collectively the "Holder") and promises to pay to Holder at such office or at such other place as the Holder shall designate to the Maker in writing, the principal sum of four hundred eighteen thousand seventy six and ,00 dollars ($418,076.00) together with interest on the unpaid principal amount from time to time outstanding from and including the date hereof until such principal is paid in full in accordance with the provisions of this Promissory Note (the "Note"). The principal of and interest on this Note shall be due and payable at such time as set forth in Section 1.

1. **Principal.** The principal herein shall be payable in 8 monthly installments of $40,000.00 beginning on March 2, 2015 and on the 1st day of each succeeding month until paid with an initial payment of $98,076.00 due on February 23, 2015.

2. **Interest.** Interest shall be paid on the outstanding principal amount of this Note at the monthly rate of 0.8735% (the "Interest Rate"). Interest on this Note shall accrue from the date of issuance until repayment of the principal and payment of all accrued interest in full and shall be computed on the basis of a 360-day year of twelve 30-day months.

3. **Interest Payment Credit.** If Maker makes all of the required payments under the Note and no Event of Default (as hereinafter defined) occurred, Holder will refund Maker all interest paid.

4. **Application of Payments.** All payments or prepayments under this Note shall be applied first to any costs, fees and expenses (including legal fees) incurred by the Holder in the exercise of the Holder's rights hereunder, if any, then to payment of default interest, if any, then to payment of accrued interest and then to payment of principal. Allocation of such payment to specific amounts owed by Maker shall be at Holder's sole discretion.

5. **Defaults and Remedies.**

    (a) **Events of Default.** An "Event of Default" shall occur if:

1



893373

(i) the Maker shall default in the payment of an installment payment of this Note, when and as the same shall become due and payable, and such default shall continue for a period of ten (10) days following notice thereof from the Holder; or

(ii) the Maker shall default in the payment of the principal of this Note, when and as the same shall become due and payable, whether at maturity or by acceleration or otherwise; or

(iii) the Maker shall default in the due observance or performance of any covenant, condition, or agreement on the part of Maker to be observed or pursuant to the terms hereof; or

(iv) the Maker commences any case, proceeding or other action under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking to have an order for relief entered with respect to the Maker, or seeking to adjudicate the Maker bankrupt or insolvent, or seeking reorganization, composition, extension or other such relief with respect to the Maker or the Maker's debts, or seeking appointment of a receiver, trustee, custodian or other similar official for all or any substantial part of the Maker's assets (a "Bankruptcy Action"); or

(v) the Maker becomes the debtor named in any Bankruptcy Action which results in the entry of an order for relief or any such adjudication or appointment remains undismissed or undischarged for a period of sixty (60) days; or

(vi) the Maker makes a general assignment for the benefit of his creditors; or

(vii) the Maker generally fails to, or shall admit in writing his inability to, pay his or her debts as they become due; or

(viii) the Maker fails to pay Holder any amounts due and owing other than that set forth in this Note.

(b) Acceleration. If an Event of Default occurs under clause (a)(i), (ii), (iii), (iv), (v), (vi), (vii) or (viii) of this Section 5, then the outstanding principal of and all accrued interest on this Note shall automatically become immediately due and payable, without presentment, demand, protest or notice of any kind, all of which are expressly waived by the Maker. If any other Event of Default occurs and is continuing, then the Holder, by written notice to the Maker, may declare the principal of and accrued interest on this Note to be due and payable immediately. Upon such declaration, such principal and interest shall become immediately due and payable without presentment, demand, protest or other notice of any kind, all of which the Maker expressly waives hereby.

2

893373

(c) <u>Notices</u>. The Maker shall give written notice to the Holder of the occurrence of any Event of Default or any event that, after notice or lapse of time or both, would become an Event of Default.

6. <u>Suits for Enforcement</u>.

(a) Upon the occurrence of any one or more Events of Default, the Holder may proceed to protect and enforce its rights hereunder in equity, at law or by other appropriate proceeding, whether for the specific performance of any covenant or agreement contained in this Note or in aid of the exercise of any power granted in this Note, or the Holder may proceed to enforce the payment of this Note, or to enforce any other legal or equitable right of the Holder.

(b) In case of any default under this Note, the Maker will pay to the Holder such amounts as shall be sufficient to cover the reasonable costs and expenses of such Holder due to such default.

7. <u>Maker's Right to Prepay</u>. Maker has the right to make prepayments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When Maker makes a prepayment, Maker will notify the Holder in writing that Maker is doing so. Maker may make a full prepayment or partial prepayment without paying any prepayment charge. The Holder will use all of Maker's prepayments to reduce the amount of principal that Maker owes under this Note. If Maker makes a partial prepayment, there will be no changes in the due date or in the amount of Maker's monthly payment unless the Holder agrees in writing to the changes.

8. <u>Cancellation of Workers' Compensation Policy</u>. Maker acknowledges that the amount due under this Note represents unpaid workers' compensation premium. As a result, in the Event of a Default under Paragraph 5(a), Holder may cause any workers' compensation policy issued to Maker to be cancelled in accordance with the insurance laws of the state in which the Maker's principal place of business is located.

9. <u>Remedies Cumulative</u>. No remedy herein conferred upon the Holder is intended to be exclusive of any other remedy and each and every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute or otherwise.

10. <u>Remedies Not Waived</u>. No course of dealing between the Maker and the Holder or any delay on the part of the Holder in exercising any rights hereunder shall operate as a waiver of any right.

11. <u>Payments</u>. All payments and prepayments of principal and interest on this Note

shall be made in lawful money of the United States of America.

12. **Notices.** All notices and other communications hereunder shall be in writing and shall be deemed to have been given if delivered personally or sent by facsimile transmission, overnight courier, or certified, registered or express mail, postage prepaid. Any such notice shall be deemed given when so delivered personally or sent by facsimile transmission (provided that a confirmation copy is sent by overnight courier), one day after deposit with an overnight courier, or if mailed, five (5) days after the date of deposit in the United States mails, to the Maker or to the Holder at such respective addresses, or as may be furnished in writing to the other party hereto.

| | |
|---|---|
| If to Maker: | Goliath Excavation Services, LLC; Madron Enterprises, LLC; Madron Mining, Inc.; Madron Services, Inc.; Madron Surveying, Inc.<br>301 Canal<br>Carlsbad, NM 88220<br>Facsimile: (575)234-9547 |
| If to Holder: | Applied Underwriters, Inc.<br>10805 Old Mill Road<br>Omaha, NE 68154<br>Facsimile: (402)393-8558<br>Attn: Legal Department |

13. **Covenants Bind Successors and Assigns.** All the covenants, stipulations, promises and agreements in this Note made by or on behalf of the Holder or the Maker shall bind their respective successors and assigns, whether so expressed or not.

14. **Severability.** Any term or provision of this Note which is invalid or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining terms and provisions of this Note or affecting the validity or enforceability of any of the terms and provisions of this Note in any other jurisdiction.

15. **Lost Documents; Further Assurances.**

(a) Upon receipt by the Maker of evidence satisfactory to him of the loss, theft, destruction or mutilation of this Note or any Note exchanged for it, and (in the case of loss, theft or destruction) of indemnity satisfactory to him, and upon surrender and cancellation of such Note, if mutilated, the Maker will make and deliver in lieu of such Note a new Note of like tenor and unpaid principal amount and dated as of the original date of this Note.

(b) The Maker agrees to execute such further instruments and to take such further action as may reasonably be necessary to carry out the intent of this Note.

16. <u>GOVERNING LAW</u>. THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEBRASKA WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAW THEREOF.

17. <u>Headings</u>. The headings in this Note are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

18. <u>Waiver of Trial by Jury and Consent to Jurisdiction</u>. MAKER IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED BY THIS NOTE. MAKER HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT SITUATED IN DOUGLAS COUNTY, NEBRASKA, AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS WITH REGARD TO ANY ACTION, CLAIM, DISPUTE OR PROCEEDING RELATING TO THIS NOTE.

19. <u>Payment Authorization and Approval</u>. Maker represents and warrants that the individual executing this Note has the requisite express authority and is duly authorized to do so. Holder is provided this supplemental authorization to initiate debit entries for payments due under this Note to the bank account provided to the below named depository ("Depository"). This authority will remain in full force and effect until Holder and Depository have received a written notification of its revocation in such time and in such manner as to afford Holder a reasonable opportunity to collect all amounts due and owing.

| Banking Institution | Pioneer Bank |
|---|---|
| Bank Routing Number | 312270463 |
| Bank Account Number | 500161536 |

893373

Goliath Excavation Services, LLC; Madron Enterprises, LLC; Madron Mining, Inc.; Madron Services, Inc.; Madron Surveying, Inc. ("Maker")

BY: _____

PRINTED NAME: Phil Inyrichen

TITLE: Owner

893373

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| APPLIED UNDERWRITERS, INC., A Nebraska Corporation, and APPLIED RISK SERVICES, INC., | ) ) ) ) | CASE NO. CI 15-3935 |
| Plaintiffs, | ) ) | NOTICE TO PARTIES OF REMOVAL |
| vs. | ) ) | |
| MADRON SERVICES, INC., A New Mexico Corporation; GOLIATH EXCAVATION SERVICES, LLC, A New Mexico Limited Liability Company; MADRON ENTERPRISES, LLC, A New Mexico Limited Liability Company; MADRON MINING, INC., A New Mexico Corporation; and MADRON SURVEYING, INC., A New Mexico Corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The defendants Madron Services, Inc.; Goliath Excavation Services, LLC; Madron Enterprises, LLC; Madron Mining, Inc. and Madron Surveying, Inc., and each of them, pursuant to 28 U.S.C. § 1446(d), hereby notify the plaintiffs that on or about June 16, 2015, said defendants filed a Notice of Removal in the United States District Court for the District of Nebraska. Attached hereto as Exhibit "A" is a copy of the Notice of Removal filed with the United States District Court. A copy of this Notice of Removal has been filed with the District Court for Douglas County, Nebraska, pursuant to 28 U.S.C.§ 1446(d).

                MADRON SERVICES, INC.; GOLIATH EXCAVATION SERVICES, LLC; MADRON ENTERPRISES, LLC; MADRON MINING, INC.; and MADRON SURVEYING, INC., Defendants

Ex. B

By:     Baylor, Evnen, Curtiss, Grimit & Witt, LLP
          Wells Fargo Center
          1248 "O" Street, Suite 600
          Lincoln, NE 68508
          402/475-1075
          rgoyette@baylorevnen.com

By:     /s/ Randall L. Goyette
          Randall L. Goyette, # 16251

## CERTIFICATE OF SERVICE

I, Randall L. Goyette, hereby do certify that I am one of the attorneys of record for the Defendants and that on the 16th day of June, 2015, I served a copy of the foregoing Notice to Parties of Removal by postage-paid, regular United States mail on:

Jeffrey A. Silver
10805 Old Mill Road
Omaha, NE 68154

By:     /s/ Randall L. Goyette
          Randall L. Goyette, # 16251

1167981

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| APPLIED UNDERWRITERS, INC., A Nebraska Corporation, and APPLIED RISK SERVICES, INC., | ) ) ) ) | CASE NO. _____ |
| Plaintiffs, | ) ) ) | NOTICE OF REMOVAL |
| vs. | ) ) ) | |
| MADRON SERVICES, INC., A New Mexico Corporation; GOLIATH EXCAVATION SERVICES, LLC, A New Mexico Limited Liability Company; MADRON ENTERPRISES, LLC, A New Mexico Limited Liability Company; MADRON MINING, INC., A New Mexico Corporation; and MADRON SURVEYING, INC., A New Mexico Corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants Madron Services, Inc.; Goliath Excavation Services, LLC; Madron Enterprises, LLC; Madron Mining, Inc. and Madron Surveying, Inc., by and through their counsel, hereby give notice of the removal of this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. As grounds for this removal, defendants show to the Court as follows:

**GROUNDS FOR REMOVAL**

I.    On April 30, 2015, the plaintiffs filed an action against the defendants in the District Court of Douglas County, Nebraska, at Case No. CI 15-3935. As required by 28 U.S.C. § 1446(b), attached as **Exhibit "A"** is a copy of plaintiffs' complaint. The defendants have not filed an answer in this case.

Ex. A

II. This notice of removal is filed within 30 days of service of summons, and is therefore timely pursuant to 28 U.S.C. § 1446(b). Plaintiffs' complaint was the first paper from which the defendants could ascertain that plaintiffs' case was removable.

III. The United States District Court for the District of Nebraska is the federal judicial district encompassing the District Court of Douglas County, Nebraska, where this suit was originally filed.

IV. This is a civil action that comes within this Court's jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) because the complaint shows on its face that there is diversity of citizenship between the plaintiffs and defendants, and that the amount in controversy is in excess of $75,000.

V. By filing this notice of removal, defendants do not waive any of their denials, objections, affirmative defenses or any other defenses.

## FILING OF REMOVAL PAPERS

VI. Pursuant to 28 U.S.C. § 1446(d), a copy of defendants' notice to parties of removal is being filed contemporaneously with the Clerk of the District Court of Douglas County, Nebraska, a copy of which is attached hereto as **Exhibit "B."**

VII. Upon information and belief, Exhibits "A" and "B" represent the only documents that have been filed and served in this action in the District Court of Douglas County, Nebraska.

VIII. This notice of removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendants hereby remove this action to this Court.

## DEMAND FOR TRIAL

The defendants hereby demand that trial in the above-captioned action be held in Omaha, Nebraska, and further demand that trial be had to a jury.

Dated this 16th day of June, 2015.

            MADRON SERVICES, INC.; GOLIATH EXCAVATION SERVICES, LLC; MADRON ENTERPRISES, LLC; MADRON MINING, INC.; and MADRON SURVEYING, INC., Defendants

By: Baylor, Evnen, Curtiss, Grimit & Witt, LLP
   Wells Fargo Center
   1248 "O" Street, Suite 600
   Lincoln, NE 68508
   402/475-1075
   rgoyette@baylorevnen.com


By: /s/ Randall L. Goyette
   Randall L. Goyette, # 16251


## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the within and foregoing **Notice of Removal** using the Court's ECF system which served a copy electronically on:

Jeffrey A. Silver
10805 Old Mill Road
Omaha, NE 68154


          By: /s/ Randall L. Goyette
             Randall L. Goyette, # 16251

1168104